# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY HISCOCK | : |
| | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 12-cv-2204 |
| CITY OF PHILADELPHIA, ET AL. | : |

## MEMORANDUM

YOHN, J.                                                                                                    February 25, 2013

      Plaintiff Zachary Hiscock commenced this suit on April 23, 2012, against the City of Philadelphia (the "City") and a "John Doe" defendant, alleging a civil rights violation pursuant to 42 U.S.C. § 1983 and associated state law claims. On December 10, 2012, Hiscock filed a motion to amend his complaint to replace "John Doe" with Sergeant Scott Drissel, the Philadelphia police officer whom Hiscock now believes to be the officer who violated his rights. The City has responded that I should deny leave to amend on the ground that amendment of the complaint to name the "John Doe" defendant would be futile because the statute of limitations has expired. For reasons set forth below, I agree that amendment would be futile. Therefore, Hiscock's motion for leave to amend his complaint will be denied.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

      During the early morning hours of April 24, 2010, Hiscock and a friend, Jonathan Lawrence, patronized a bar located at 1836 Callowhill Street in Philadelphia, Pennsylvania, called the "Kite and Key Tavern." (Compl. ¶¶ 4-5.) At approximately 1:55 a.m., Lawrence approached Adam Rybarczyk, a patron of the bar whom Lawrence did not know, and began a conversation. (*Id*. ¶¶ 5-6.) Shortly into their conversation, Hiscock, who was standing

approximately twenty feet away from Lawrence and Rybarczyk, noticed a fight begin to break out between the two over Rybarczyk's hat. (*Id*. ¶¶ 5-7.) Hiscock walked over to Lawrence and broke up the fight. (*Id*. ¶ 8.) Dennis Cantwell, the bartender on duty, then announced that the bar was closing and instructed everyone to leave. (*Id*. ¶ 9.) Immediately following Cantwell's instruction, at approximately 2:05 a.m., Lawrence and Hiscock exited the bar.

As Lawrence and Hiscock were walking toward Hiscock's car they were approached by several police officers. (*Id*. ¶ 10.) The police officers handcuffed both Lawrence and Hiscock and began questioning them as to what transpired at the bar. (*Id*. ¶¶ 11-12.) During the questioning, Rybarczyk, who had called the police, informed one of the officers that Hiscock was not involved in the altercation; consequently, Hiscock was uncuffed. (*Id*. ¶¶ 13-14.) Hiscock remained at the scene as instructed by the police. (*Id*. ¶ 14.) At approximately 2:15 a.m., an unknown police sergeant began questioning Hiscock about his involvement in the altercation. (*Id*. ¶ 15.) Unsatisfied with his answers, the police sergeant placed Hiscock under arrest for criminal conspiracy, robbery, theft, terroristic threats, and simple assault. (*Id*. ¶¶ 17, 21.) Hiscock was then taken to the 9th District police station where he remained in custody for approximately twenty-seven hours. (*Id*. ¶¶ 17, 20.) Following his arraignment, Hiscock was released on bail on the morning of April 25, 2010. (*Id*. ¶ 20.) On May 11, 2010, the Commonwealth of Pennsylvania dismissed the charges against Hiscock. (*Id*. ¶ 22.)

On April 23, 2012, Hiscock brought suit against the City and the unknown "John Doe" police sergeant who ordered his arrest, alleging civil rights violations under 42 U.S.C. § 1983 and associated state law claims. The City filed an answer on June 1, 2012. I held a preliminary pretrial conference on June 18, 2012, and following the conference issued a scheduling order in

which I stated that Hiscock had sixty days to determine the identity of the John Doe police sergeant, and that discovery was to be completed by September 21, 2012. Both parties subsequently requested an extension of the discovery deadline until November 21, 2012, which I granted. On December 10, 2012, Hiscock filed this motion for leave to amend his complaint to substitute Drissel for the "John Doe" police sergeant. The City objects, stating that an amendment at this time would be futile because the statute of limitations against Drissel has expired.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that in cases where amendment of a pleading is not allowed as a matter of course, such as here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted). With regard to those factors, "[i]t is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).

Here, the City does not argue, nor is there any evidence of, bad faith. Similarly, the City does not assert that amendment would create any undue prejudice. The City's only arguments are that amendment should be denied because of undue delay and futility. Because I agree with the City that amendment would be futile, there is no need to discuss undue delay.

A claim is futile and leave to amend may be properly denied "where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1985); *see also Jablonski v. Pan American World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1998). Here, the City argues that the claims against Drissel in Hiscock's amended complaint—false arrest, false imprisonment, malicious prosecution, and a civil rights violation pursuant to 42 U.S.C. § 1983 for an arrest without probable cause—are barred by the statute of limitations, and would therefore not survive a motion to dismiss. I agree.

Under Pennsylvania law, false arrest, false imprisonment, and malicious prosecution are subject to a two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524(1). Pennsylvania law applies to these claims when brought in federal court.

When evaluating § 1983 claims, federal courts apply the forum state's statute of limitations for personal injury actions. *See Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Accordingly, because personal injury actions are subject to a two-year statute of limitations under Pennsylvania law, so is Hiscock's § 1983 claim. *See* § 5524(2).

The incident giving rise to the claims of false arrest, false imprisonment, and the civil rights violation under § 1983—Hiscock's arrest—occurred on April 24, 2010. Therefore, the complaint would have had to have been filed by April 24, 2012 to comply with the statute of limitations for those claims. A claim for malicious prosecution, however, "accrues on the date that the proceedings terminated favorably for the accused." *Thomas-Warner v. City of Phila.*, No. 11-5854, 2011 WL 6371898, at *6 (E.D. Pa. Dec. 20, 2011) (citing *Cap v. K-Mart Discount Stores, Inc.*, 515 A.2d 52, 53 (Pa. Super. Ct. 1986)). Here, that date is May 11, 2010, when the Commonwealth dismissed all charges against Hiscock. Thus, the claim for malicious

4

prosecution would have had to have been filed by May 11, 2012. As previously mentioned, the original complaint was filed on April 23, 2012, prior to the expiration of the statute of limitations for all of the claims.

Because this motion to amend the complaint was filed on December 10, 2012, well after the expiration of the statute of limitations on all of the claims, the only way the claims would be timely is if the amended complaint related back to the date of the original filing in accordance with Federal Rule of Civil Procedure 15(c). I find, however, that the amended complaint does not relate back to the original complaint; thus, amendment would be futile.

The relevant portions of Rule 15 with respect to relation back for this matter follow:

**(c) Relation back of Amendments.**

> **(1) When an Amendment Relates Back**. An Amendment to a pleading relates back to the date of the original pleading when:
> . . . .
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(B)-(C). Because Hiscock is attempting to change the name of a party, Rule 15(c)(1)(C) applies. *See Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003)

("Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied."). As the Third Circuit has stated, "The Rule is written in the conjunctive, and courts interpret [the Rule] as imposing three conditions, all of which must be met for a successful relation back of an amended complaint that seeks to substitute newly named defendants." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001). Therefore, if even one of the requirements is not met the amended complaint would not relate back and amendment would be futile.

The City does not dispute that the first requirement—that the amendment asserts a claim that arose out of conduct, transaction, or occurrence that was set out in the original pleading—is met. Likewise, the City does not challenge the third requirement—that Drissel knew or should have known that the complaint would eventually have been brought against him but for a mistake as to his identity. The only issue is whether Drissel received notice of the action within the time period as prescribed by Rule 4(m). Under Rule 4(m), the period for serving a summons and complaint is 120 days from the date the complaint is filed. Fed. R. Civ. P. 4(m). Therefore, Drissel would have had to have received notice of the suit on or before August 21, 2012—120 days from the filing of the original complaint—and here there is no evidence that he did.

"[Rule 15(c)(1)(C)] notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means." *Singletary*, 266 F.3d at 195. Such informal notice is known as constructive notice. The Third Circuit has recognized two ways in which a party-to-be may have received

constructive notice: the "shared attorney" method and the "identity of interest" method. *See Garvin*, 354 F.3d at 222-23. "The shared attorney method requires that a plaintiff demonstrate that there was 'some communication or relationship' between the attorney for the named defendants and the parties sought to be added as defendants prior to the expiration of the 120-day period for service of the summons and complaint." *Miller v. Hassinger*, 173 F. App'x 948, 955-56 (3d Cir. 2006) (citing *Singletary*, 266 F.3d at 196-97; *Garvin*, 354 F.3d at 255). Under the identity of interest method, notice may be imputed "if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation." *Garvin*, 354 F.3d at 227. Hiscock admits that Drissel was never served with a summons or complaint within the 120-day period following the filing of the original complaint. (Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Pl.'s Reply") 5 n.4.) Therefore, the only issue is whether Drissel received constructive notice.

In analyzing notice under the shared attorney method, "the fundamental issue [] is whether [an] attorney's later relationship with the newly named defendant gives rise to the inference that the attorney, within the 120 day period, had some communication or relationship with, and thus gave notice of the action to, the newly named defendant." *Singletary*, 266 F.3d at 196-97. Hiscock has not provided any evidence that Anne Taylor, the assistant solicitor representing the City, or anyone else from the solicitor's office had any contact with Drissel during the 120-day period. Accordingly, I cannot impute notice to Drissel under the shared attorney method.

Hiscock argues that notice should be imputed under the shared attorney method because

7

the city solicitor, while representing the City, also generally represents city police officers sued for civil rights violations. (Pl.'s Reply 6.) A similar argument was made in *Garvin v. City of Philadelphia*, in which a plaintiff attempted to amend a complaint to provide the actual names of four "John Doe" police officers in an action brought against the officers and the city for civil rights violations. *See Garvin*, 354 F.3d at 217-19. There, the Third Circuit upheld the district court's understanding of the shared attorney method when the district court stated that the applicable test was "not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." 354 F.3d at 223. The Third Circuit noted that shared representation did not require something as formal as notice of appearance, but that it did require some "evidence of shared representation so that notice could be imputed . . . within the 120-day period." *Id.* at 224. Hiscock's assumption that Drissel *would have been* represented by the city solicitor may or may not be correct; Drissel very well may have obtained private representation. Regardless, Hiscock has not provided any evidence that Drissel *was* represented by the solicitor within the 120-day period ending August 21, 2012 (even though he later took Drissel's deposition on September 7, 2012), and thus his argument under the shared attorney method fails.

Because a meeting between Taylor and Drissel was originally scheduled for July 2, 2012, but was later cancelled and rescheduled for September 4, 2012 (outside of the 120-day period), Hiscock argues that Drissel should have been aware of the suit so as to comply with the notice requirement under Rule 15(c). (Pl.'s Reply 6-8.) Again, however, Hiscock does not produce any evidence for me to draw such a conclusion. Importantly, there is nothing in the portion of Drissel's deposition provided to me that would enable me to conclude that he discussed this case

8

with Taylor prior to their meeting on September 4. While Hiscock would like me to find that the meeting scheduled for July 2, 2012, should have placed Drissel on notice of the suit, or at least piqued his curiosity enough so that he would have researched the suit for himself, I "decline [the] invitation to pile assumption on top of assumption to reach a conclusion, counter to the facts, that [Drissel] has some type of notice of this action within 120 days of its institution." *Garvin*, 354 F.3d at 227; *see also Brown v. City of Phila.*, No. 09-5157, 2010 WL 1956245, at *5 (E.D. Pa. May 7, 2010) (finding that allegation that plaintiff's counsel "must have" interviewed party to be named was insufficient under shared attorney method; a finding of actual representation within 120-day period was required). Therefore, notice cannot be imputed under the shared attorney method.

Hiscock further argues that notice should be imputed under the identity of interest method because the Philadelphia Police Department works for the City; thus, the suit against the City served to provide notice to the police officers involved in the incident, and specifically Drissel, of the pending litigation. In explaining the reach of the identity of interest method, however, the Third Circuit has held that "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)[] purposes." *Singletary*, 266 F.3d at 200. Here, Drissel, a police sergeant in a force of over 6,600 officers, does not share a sufficient nexus with the City such that notice may be imputed. Phila. Police Department, http://www.phillypolice.com/about (last visited Feb. 11, 2013); s*ee Garvin*, 354 F.3d at 227; *Ayers v. Berks Cnty. Sheriff's Dep't*, No. 09-1512, 2010 WL 816336, at (E.D. Pa. Mar. 9, 2010) (finding deputy sheriffs did not have sufficient nexus with

9

employer, the county, for notice to be imputed under "identity of interest"); *Huertas v. City of Philadelphia*, No. Civ. 02-7995, 2003 WL 21250551, at *4 (E.D. Pa. May 5, 2003) ("[P]olice officers are non-management employees who cannot be said to have imputed knowledge of a suit that was served only on the City of Philadelphia."). Although Hiscock argues that Drissel's rank of sergeant should serve to qualify him as holding a managerial position such that a sufficient shared interest with the City exists, I find this argument unpersuasive. *See Buchanan v. West Whiteland Twp.*, Civ. No. 08-0462, 2008 WL 4613078, at *2 (E.D. Pa. Oct. 15, 2008) (finding that notice could not be imputed to corporal police officer under "identity of interest" method by virtue of his supervisory role). While Drissel's job-related interests as a sergeant in the Philadelphia Police Department support the best interests of the City, I cannot conclude that "his interests as an employee are identical" to those of the City so as to allow me to impute notice of the suit under the identity of interest method. *Singletary*, 266 F.3d at 199. In a police force where a sergeant is still seven ranks removed from that of commissioner, the nexus between the City and the sergeant is simply too attenuated to impute such notice. Accordingly, the notice requirement under Rule 15(c) has not been met.

### III.  CONCLUSION

For the foregoing reasons, Hiscock's motion for leave to amend his complaint will be denied. An appropriate order follows.